UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **BARTHOLOMEW OKAFOR** | * | **CIVIL ACTION NO. 12-0467**<br>Section P |
| **VERSUS** | * | **JUDGE JAMES T. TRIMBLE** |
| **JOHN SMITH, WARDEN, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court pursuant to 28 U.S.C. § 636(b)(1)(B), is a Motion to Dismiss [doc. # 13] filed by respondents in the instant *habeas corpus* proceeding.  For reasons explained below, it is recommended that the motion to dismiss be GRANTED, and that the petition be DISMISSED, without prejudice, for lack of subject matter jurisdiction.

## BACKGROUND

Bartholomew Okafor filed the instant Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 on January 31, 2012.  (Petition [doc. # 1]).  At the time of filing, petitioner was an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (DHS/ICE).  He was detained at the Tensas Parish Detention Center, Waterproof, Louisiana, awaiting removal to his native country of Nigeria. Relying on *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491 (2001), petitioner argued that his continued detention in excess of six months violated his constitutional rights.

In light of the facts alleged by petitioner, the court ordered the government to respond to the petition.  (February 24, 2012, Mem. Order [doc. # 4]).  On March 20, 2012, the government

so complied. (Response [doc. # 10]).

Then on April 10, 2012, the government filed the instant motion to dismiss the *habeas* petition. (Mot. to Dismiss [doc. # 13]). The motion argues that the petition is now moot, since petitioner was released from ICE custody pursuant to an order of supervision on April 3, 2012. *Id.* In support of its motion, the government submitted a declaration by Lori Wilson,[1] attesting to the fact that petitioner was released from ICE custody (Wilson Decl.; Mot. to Dismiss, Gov.'t. Exh. A), as well as a copy of petitioner's Release Notification (Release Notification; Mot. to Dismiss, Gov.'t. Exh. B).

The briefing deadline for the motion to dismiss has lapsed, but petitioner has not filed a response. (Notice of Motion Setting [doc. # 14]). Accordingly, the motion is deemed unopposed. The matter is now before the court.

## LAW AND ANALYSIS

Mootness is a threshold jurisdictional inquiry. *Louisiana Environmental Action Network v. U.S. E.P.A.*, 382 F.3d 575, 580-81 (5th Cir. 2004) (citation omitted). If the parties resolve a dispute, or if the dispute disappears because of changed circumstances, then the matter becomes moot and a case or controversy no longer exists. *See LEAN, supra*; *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 383 (5th Cir. 1999). "The case or controversy requirement of Article III of the Constitution requires a plaintiff to show that he and the defendants have adverse legal interests." *Bauer v. Texas*, 341 F.3d 352, 359 (5th Cir. 2003) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 57 S. Ct. 461 (1937)). The court lacks jurisdiction when plaintiff fails to satisfy Article III's "case or controversy" requirement. *Hosein v. Gonzales*, 452 F.3d 401, 403 (5th Cir. 2006).

It is axiomatic that federal courts are courts of limited jurisdiction. *Howery v. Allstate*

---

[1] Acting Assistant Field Office Director for the Department of Homeland Security, ICE.

*Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  The burden of establishing federal jurisdiction rests on the party invoking the federal forum.  *Id*.  A district court may assess subject matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (citations omitted).  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."  *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted).  Lack of subject matter jurisdiction may be raised at any time.  *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).

      Here, the evidence before the court uniformly establishes that the petitioner no longer resides in respondents' custody.  Furthermore, because the only relief sought by petitioner was his immediate release from custody, the undersigned concludes that petitioner's challenge to his post-removal-order detention is moot and does not present a justiciable case or controversy; therefore, the court lacks subject matter jurisdiction.  In the absence of subject matter jurisdiction, dismissal is required.  Fed. R. Civ. P. 12(b)(1).

      Petitioner has also filed a motion for summary judgment and motion for attorney's fees.  *See* Doc. # 11.  Since the undersigned is recommending dismissal of the Petition for Writ of *Habeas Corpus*, the motion for summary judgment should be denied as moot.  In addition, petitioner is not entitled to recovery of fees and costs under the Equal Access to Justice Act, because he is not a prevailing party.  28 U.S.C. § 2412(d)(1)(A).

      Accordingly,

      **IT IS RECOMMENDED** that the motion to dismiss [doc. # 13] filed on behalf of respondents be **GRANTED**, and that the Petition for Writ of *Habeas Corpus* be **DISMISSED**,

without prejudice, for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).

**IT IS FURTHER RECOMMENDED** that the motion for summary judgment [doc. # 11] filed by petitioner be **DENIED as moot**, and that the motion for attorney's fees [doc. # 11] filed by petitioner be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and FRCP Rule 72(b), the parties have **fourteen  (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 14th day of May 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE